# EXHIBIT 1

SIDLEY AUSTIN LLP
SIDLEY

SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013
213 896 6000
213 896 6600 FAX

kfriedman@sidley.com
(213) 896-6055

BEIJING
BRUSSELS
CHICAGO
DALLAS
GENEVA
HONG KONG
LONDON
LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
TOKYO
WASHINGTON, DC

FOUNDED 1866

September 14, 2006

**Via U.S. Mail and Electronic Mail**

Eric Benink
Krause & Kalfayan
1010 Second Avenue, #1750
San Diego, CA 92101
ebenink@krausekalfayan.com

Sean M. Foldenauer
Frantz, Townsend & Foldenauer LLP
600 West Broadway, Suite 1200
San Diego, CA 92101-3314
smf@ftflaw.com

Re: *In re Baycol Products Liability Litigation*, MDL No. 1431

Dear Mr. Benink & Mr. Foldenauer:

Enclosed please find deposition notices for experts in the following Phase I cases:

*Elich v. Bayer, et al.*, Case No. 02-0434
*Kofsky v. Bayer, et al.*, Case No. 02-0141

If the deposition date, time, or location indicated on an enclosed notice is not convenient for either you or a witness, we are willing to reschedule the deposition for a mutually-convenient date, time, and location that complies with Pretrial Order No. 149, entered February 8, 2006 ("PTO 149"). If you wish to reschedule the deposition, please notify us by September 20, 2006. If we do not hear from you by September 20, 2006, we will assume that the deposition will proceed as indicated on the enclosed notice.

I appreciate your cooperation in this matter.

Sincerely,

Kenneth E. Friedman

Enclosure

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

LA1 830387v.1

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re BAYCOL PRODUCTS LITIGATION | MDL No. 1431 (MJD) |
| This Document Relates to: | |
| *Elich, et al. v. Bayer Corp., et al.* | Case No. 02-0434 |

**NOTICE OF DEPOSITION OF DR. NEIL LEVINE**

YOU ARE HEREBY NOTIFIED that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the deposition of Dr. Neil Levine will take place at on September 25, 2006 in the above-referenced case. The deposition will begin at 10:00 a.m. at Imperial Bank Tower, 701 B Street, Suite 358, San Diego, California. The deposition will be stenographically recorded by a court reporter authorized to administer oaths and will continue day to day, excluding Saturdays, Sundays and holidays, until completed. Dr. Levine is asked to bring to the deposition the documents identified on **Attachment A.**

You are invited to attend and cross-examine.

Dated: September 14, 2006

SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013

By: ______________________
Catherine Valerio Barrad
Attorneys for Defendant Bayer Corporation

Of Counsel:

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Peter W. Sipkins (#101540)
DORSEY & WHITNEY LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402
(612) 340-2600

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA 15219
(412) 566-6000

## ATTACHMENT A

1. The term "document or other tangible things" means any and all material, wherever located, that is subject to production under Federal Rules of Civil Procedures. The term includes, but is not limited to, any and all material that is written, printed, typed, photographed, recorded (electrically, electronically, magnetically, graphically or otherwise) or which is capable of being recorded in any form, such as transcripts, books, letters, correspondence, reports, memoranda, extracts, charts, diskettes, tapes, data sheets, photographs, bills, invoices, contracts, proposals, communications, electronic mail messages, notes, business cards, pamphlets, reports and recording of telephone or other conversations, or of interviews, or of conferences, or of other meetings, statements, summaries, opinions, studies, analyses, evaluations, manuals, publications, newspaper articles, appointment books, any mechanical or electronic sound recordings or transcripts thereof, any notes or drafts relating to the foregoing, and all things similar to any of the foregoing, however denominated, in the possession or control of the witness.

2. The terms "personal possession" or "possession" means in the personal possession, custody or control of the witness in his office, home, automobile, or any other location.

3. The singular of any word shall, include the plural, and the plural shall include the singular.

4. The words "and" and "or" as used in this request shall be interpreted as conjunctive, disjunctive, or both, depending on context, so that the fullest production of information is provided.

5. All documents and other tangible things are to be produced as they are kept by the witness so that one can ascertain the files in which they were located, their relative order in the files and how the files were maintained.

6. If the witness does not respond to a request on the basis of privilege, with respect to each document or other tangible thing for which it claims a privilege, state the type of document or other tangible things, the date thereof, the person who prepared it, each person to whom it was circulated, each person who received a copy of it, the subject matter of the document or other tangible things, and the particular privilege claimed.

7. The deponent is instructed to bring to the deposition and to allow counsel to inspect, and copy the following documents and/or tangible things, whether maintained in written or electronic form, which are in the deponent's control, possession or custody:

   A. A current curriculum vitae and bibliography of the appearing deponent.

   B. The complete file maintained by Neil Levine, M.D. in connection with this case.

   C. All documents of any nature, kind or description read, reviewed or supplied to the deponent in reference to this case, including, but not limited to, any and all medical records, deposition transcripts, answers to interrogatories, and statements of witnesses.

   D. All documents and other tangible things reflecting, concerning, referring to, or in any way relating to communications with any member of the press or any public interest group and/or their representatives, concerning, referring to, or in any way relating to Baycol, including, but not limited to, notes of conversations, correspondence, and facsimile cover sheets.

E. All notes, side margins or computer entries or other documents created or edited by the deponent in the course of reviewing this case.

F. All documents and other tangible things reflecting, concerning, referring to, or in any way relating to communications with attorneys and/or their representatives, which concern, refer to, or in any way relate to this case, including, but not limited to, notes of conversations, correspondence, facsimile cover sheets, retainer agreements, invoices and/or memoranda prepared by attorneys and/or their representatives and provided to the deponent.

G. All medical or other literature of any nature, kind or description read, reviewed, relied upon or consulted by the deponent in reference to the review of this case.

H. All documents of any nature, kind or description reflecting time spent on and/or in any way demonstrating the deponent's income from this case or any other litigation involving Baycol.

I. All notes (handwritten or otherwise) or reports generated, whether preliminary, draft or final, in connection with the deponent's review of this case.

J. All documents upon which the deponent has relied or will rely upon, in forming opinions as disclosed in connection with this case.

K. Any documents either constituting or concerning any advertisements or solicitations for the deponent to serve as an expert witness in the Baycol litigation.

L. Any chart, data compilation, graphic, exhibit, or demonstrative aid that the deponent intends to use in rendering testimony in any trial of this case.

# CERTIFICATE OF SERVICE

Copies of the foregoing were sent on this 14th day of September, 2006 via electronic mail and U.S. mail to:

Eric J. Benink
Patrick N. Keegan
ebenink@krausekalfayan.com
pkeegan@krausekalfayan.com
Krause & Kalfayan
1010 Second Avenue, #1750
San Diego, CA 92101

James P. Frantz
Sean M. Foldenauer
smf@ftflaw.com
Frantz, Townsend & Foldenauer LLP
1168 Union Street, 4th floor
San Diego, CA 92101-3812

Jeffrey E. Estes
jesteslaw@aol.com
Estes & Associates
510 West Broadway, Suite 1700
San Diego, CA 92101

Deanna D. Dailey, Esq.
ddailey@larsonking.com
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101

**Attorneys for Plaintiffs**

Marjorie Shiekman, Esq.
Marjorie.Shiekman@Dechert.com
DECHERT LLP
Cira Center
2929 Arch Street
Philadelphia, Pennsylvania 19104-2857

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re BAYCOL PRODUCTS LITIGATION | MDL No. 1431 (MJD) |
| This Document Relates to: | |
| *Kofsky, et al. v. Bayer Corp., et al.* | Case No. 02-0141 |

**NOTICE OF DEPOSITION OF**
**DR. MICHAEL MAYWOOD**

YOU ARE HEREBY NOTIFIED that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the deposition of Dr. Michael Maywood will take place at on September 26, 2006 in the above-referenced case. The deposition will begin at 10:00 a.m. at The Mission Valley Resort, 875 Hotel Circle S., San Diego, California. The deposition will be stenographically recorded by a court reporter authorized to administer oaths and will continue day to day, excluding Saturdays, Sundays and holidays, until completed. Dr. Maywood is asked to bring to the deposition the documents identified on **Attachment A.**

You are invited to attend and cross-examine.

Dated: September 14, 2006

SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013

By: ______________________
Catherine Valerio Barrad
Attorneys for Defendant Bayer Corporation

Of Counsel:

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Peter W. Sipkins (#101540)
DORSEY & WHITNEY LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402
(612) 340-2600

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA 15219
(412) 566-6000

## ATTACHMENT A

1. The term "document or other tangible things" means any and all material, wherever located, that is subject to production under Federal Rules of Civil Procedures. The term includes, but is not limited to, any and all material that is written, printed, typed, photographed, recorded (electrically, electronically, magnetically, graphically or otherwise) or which is capable of being recorded in any form, such as transcripts, books, letters, correspondence, reports, memoranda, extracts, charts, diskettes, tapes, data sheets, photographs, bills, invoices, contracts, proposals, communications, electronic mail messages, notes, business cards, pamphlets, reports and recording of telephone or other conversations, or of interviews, or of conferences, or of other meetings, statements, summaries, opinions, studies, analyses, evaluations, manuals, publications, newspaper articles, appointment books, any mechanical or electronic sound recordings or transcripts thereof, any notes or drafts relating to the foregoing, and all things similar to any of the foregoing, however denominated, in the possession or control of the witness.

2. The terms "personal possession" or "possession" means in the personal possession, custody or control of the witness in his office, home, automobile, or any other location.

3. The singular of any word shall, include the plural, and the plural shall include the singular.

4. The words "and" and "or" as used in this request shall be interpreted as conjunctive, disjunctive, or both, depending on context, so that the fullest production of information is provided.

5. All documents and other tangible things are to be produced as they are kept by the witness so that one can ascertain the files in which they were located, their relative order in the files and how the files were maintained.

6. If the witness does not respond to a request on the basis of privilege, with respect to each document or other tangible thing for which it claims a privilege, state the type of document or other tangible things, the date thereof, the person who prepared it, each person to whom it was circulated, each person who received a copy of it, the subject matter of the document or other tangible things, and the particular privilege claimed.

7. The deponent is instructed to bring to the deposition and to allow counsel to inspect, and copy the following documents and/or tangible things, whether maintained in written or electronic form, which are in the deponent's control, possession or custody:

   A. A current curriculum vitae and bibliography of the appearing deponent.

   B. The complete file maintained by Michael Maywood, M.D. in connection with this case.

   C. All documents of any nature, kind or description read, reviewed or supplied to the deponent in reference to this case, including, but not limited to, any and all medical records, deposition transcripts, answers to interrogatories, and statements of witnesses.

   D. All documents and other tangible things reflecting, concerning, referring to, or in any way relating to communications with any member of the press or any public interest group and/or their representatives, concerning, referring to, or in any way relating to Baycol, including, but not limited to, notes of conversations, correspondence, and facsimile cover sheets.

E. All notes, side margins or computer entries or other documents created or edited by the deponent in the course of reviewing this case.

F. All documents and other tangible things reflecting, concerning, referring to, or in any way relating to communications with attorneys and/or their representatives, which concern, refer to, or in any way relate to this case, including, but not limited to, notes of conversations, correspondence, facsimile cover sheets, retainer agreements, invoices and/or memoranda prepared by attorneys and/or their representatives and provided to the deponent.

G. All medical or other literature of any nature, kind or description read, reviewed, relied upon or consulted by the deponent in reference to the review of this case.

H. All documents of any nature, kind or description reflecting time spent on and/or in any way demonstrating the deponent's income from this case or any other litigation involving Baycol.

I. All notes (handwritten or otherwise) or reports generated, whether preliminary, draft or final, in connection with the deponent's review of this case.

J. All documents upon which the deponent has relied or will rely upon, in forming opinions as disclosed in connection with this case.

K. Any documents either constituting or concerning any advertisements or solicitations for the deponent to serve as an expert witness in the Baycol litigation.

L. Any chart, data compilation, graphic, exhibit, or demonstrative aid that the deponent intends to use in rendering testimony in any trial of this case.

**CERTIFICATE OF SERVICE**

Copies of the foregoing were sent on this 14th day of September, 2006 via electronic mail and U.S. mail to:

Eric J. Benink
Patrick N. Keegan
ebenink@krausekalfayan.com
pkeegan@krausekalfayan.com
Krause & Kalfayan
1010 Second Avenue, #1750
San Diego, CA 92101

James P. Frantz
Sean M. Foldenauer
smf@ftflaw.com
Frantz, Townsend & Foldenauer LLP
1168 Union Street, 4th floor
San Diego, CA 92101-3812

Jeffrey E. Estes
jesteslaw@aol.com
Estes & Associates
510 West Broadway, Suite 1700
San Diego, CA 92101

Deanna D. Dailey, Esq.
ddailey@larsonking.com
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101

**Attorneys for Plaintiffs**

Marjorie Shiekman, Esq.
Marjorie.Shiekman@Dechert.com
DECHERT LLP
Cira Center
2929 Arch Street
Philadelphia, Pennsylvania 19104-2857

# EXHIBIT 2

**Friedman, Kenneth E.**

---

**From:** Friedman, Kenneth E.
**Sent:** Thursday, September 21, 2006 2:54 PM
**To:** 'Sean Foldenauer'
**Subject:** RE: Baycol MDL Deposition Notices
**Attachments:** Stip.pdf; Stip (2).pdf

We'd happily take them in Maui if you'll fly the doctors there.

Locally, we can agree to push them into early October with the parties agreeing to extend the Court ordered deadline beyond September 30. We could plan one for the morning and one for the afternoon and do October 2 if no one involved observes Yom Kippur (the Bayer attorney does not). Otherwise, we could double up on October 13, 9, or 10 (our preferences in that order).

I've attached the stipulations for your approval/signature.

Thanks,

Ken Friedman
Sidley Austin LLP
213.896.6055

---

**From:** Sean Foldenauer [mailto:smf@ftflaw.com]
**Sent:** Thursday, September 21, 2006 2:14 PM
**To:** Friedman, Kenneth E.
**Subject:** RE: Baycol MDL Deposition Notices

Ken --
Thanks for the quick response. Attorney Erik Benink's firm filed a notice of withdrawal last week. My partner, Jim Frantz, is already in deposition on the 25/26. I therefore propose that we move the depositions to Maui, where I will be available, or puch them back a week.
We should also do them here so you do not have have to incur additional location costs. Finally, the stip you wanted limiting the scope of these depositions to class issues is agreeable.

Sean
-----Original Message-----
**From:** Friedman, Kenneth E. [mailto:KFriedma@Sidley.com]
**Sent:** Thursday, September 21, 2006 1:56 PM
**To:** smf@ftflaw.com
**Subject:** FW: Baycol MDL Deposition Notices

Sean-
Here's a duplicate copy of the notices. Please confirm whether they will go forward when you've found coverage and the hourly rates/TINs for the witnesses. We are operating as if they will go forward.

Thanks,

Ken Friedman

Sidley Austin LLP
213.896.6055

---

**From:** Friedman, Kenneth E.
**Sent:** Thursday, September 14, 2006 1:58 PM
**To:** 'tmacaluso@macalusolawsd.com'; 'sking@macalusolawsd.com'; 'ddailey@larsonking.com'; 'Marjorie.Shiekman@Dechert.com'; 'thomas.moore@dbr.com'; 'Horwitz, Mario'; 'ebenink@krausekalfayan.com'; 'smf@ftflaw.com'; 'jesteslaw@aol.com'; 'baycoldep@dechert.com'
**Cc:** Friedman, Kenneth E.
**Subject:** Baycol MDL Deposition Notices

Attached please find deposition notices for the experts in the following cases:

Loren Kofsky, *Loren Kofsky, et al. v. Bayer Corp., et al.*, Case No. 02-0141
Joseph Elich, *Joseph Elich, et al. v. Bayer Corp., et al.*, Case No. 02-0434

Ken Friedman
Sidley Austin LLP
213.896.6055

<<Untitled.pdf>>

Sidley Austin LLP mail server made the following annotations on 09/21/06, 15:56:35:

---

IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we info that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cann used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used to by other parties in promoting, marketing or recommending any partnership or other e investment plan or arrangement, then (i) the advice should be construed as written in with the promotion or marketing by others of the transaction(s) or matter(s) addressed communication and (ii) the taxpayer should seek advice based on the taxpayer's particu circumstances from an independent tax advisor.

********************************************************************************

This e-mail is sent by a law firm and may contain information that is privileged or co If you are not the intended recipient, please delete the e-mail and any attachments an immediately.

********************************************************************************

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re BAYCOL PRODUCTS LIABILITY LITIGATION | MDL No. 1431 (MJD) |
| This Document Relates to: | |
| *Joseph R. Elich, et al. v. Bayer Corp., et al.* | Case No. 02-0434 |

**STIPULATION**

PLAINTIFF JOSEPH ELICH HEREBY STIPULATES AS FOLLOWS:

1. Plaintiff Joseph Elich does not seek, and will not request at trial or otherwise, any recovery for personal or bodily injuries or disease, and will not offer evidence at trial that he suffered any personal or bodily injuries or disease, as a result of taking Baycol.

2. Plaintiff Joseph Elich will not offer the expert testimony or expert report of Neil D. Levine, M.D. in this action.

3. In reliance upon paragraphs 1 and 2 above, defendants have withdrawn their request for the expert deposition of Neil D. Levine, M.D. in this matter, and will take only a deposition of Neil D. Levine, M.D. as a treating and/or prescribing physician.

4. Further in reliance upon paragraphs 1 and 2 above, defendants will not seek dismissal of this action for non-compliance with the provisions of Pretrial Order Nos. 114, 127 and/or 149 relating to case-specific experts on injury and causation.

Dated: September ___ 2006

JOSEPH P. ELICH
by and through his counsel

By: ______________________________
Attorneys for Plaintiff

James P. Frantz
Sean M. Foldenauer
smf@ftflaw.com
Frantz, Townsend & Foldenauer LLP
600 West Broadway, Suite 1200
San Diego, CA 92101

Jeffrey E. Estes
jesteslaw@aol.com
Estes & Associates
510 West Broadway, Suite 1700
San Diego, CA 92101

Todd Macaluso
tmacaluso@macalusolawsd.com
Macaluso & Associates
600 West Broadway, Suite 1200
San Diego, CA 92101

**Counsel for Plaintiff**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re BAYCOL PRODUCTS LIABILITY LITIGATION | MDL No. 1431 (MJD) |
| This Document Relates to: | |
| *Loren F. Kofsky, et al. v. Bayer Corp., et al.* | Case No. 02-0141 |

**STIPULATION**

PLAINTIFF LOREN KOFSKY HEREBY STIPULATES AS FOLLOWS:

1. Plaintiff Loren Kofsky does not seek, and will not request at trial or otherwise, any recovery for personal or bodily injuries or disease, and will not offer evidence at trial that he suffered any personal or bodily injuries or disease, as a result of taking Baycol.

2. Plaintiff Loren Kofsky will not offer the expert testimony or expert report of Michael F. Maywood, M.D. in this action.

3. In reliance upon paragraphs 1 and 2 above, defendants have withdrawn their request for the expert deposition of Michael F. Maywood, M.D. in this matter, and will take only a deposition of Michael F. Maywood, M.D. as a treating and/or prescribing physician.

4. Further in reliance upon paragraphs 1 and 2 above, defendants will not seek dismissal of this action for non-compliance with the provisions of Pretrial Order Nos. 114, 127 and/or 149 relating to case-specific experts on injury and causation.

Dated: September ___ 2006

LOREN KOFSKY
by and through his counsel

By: ______________________________
Attorneys for Plaintiff

James P. Frantz
Sean M. Foldenauer
smf@ftflaw.com
Frantz, Townsend & Foldenauer LLP
600 West Broadway, Suite 1200
San Diego, CA 92101

Jeffrey E. Estes
jesteslaw@aol.com
Estes & Associates
510 West Broadway, Suite 1700
San Diego, CA 92101

Todd Macaluso
tmacaluso@macalusolawsd.com
Macaluso & Associates
600 West Broadway, Suite 1200
San Diego, CA 92101

**Counsel for Plaintiff**

# EXHIBIT 3

**Friedman, Kenneth E.**

---

**From:** Friedman, Kenneth E.
**Sent:** Tuesday, October 03, 2006 3:32 PM
**To:** 'Sean Foldenauer'
**Subject:** FW: Baycol MDL Deposition Notices
**Importance:** High
**Attachments:** Stip.pdf; Stip (2).pdf

Sean-
How was Maui? We still need your signatures. How's October 13 for the depo's?

Thanks,

Ken Friedman
Sidley Austin LLP
213.896.6055

---

**From:** Friedman, Kenneth E.
**Sent:** Thursday, September 21, 2006 2:54 PM
**To:** 'Sean Foldenauer'
**Subject:** RE: Baycol MDL Deposition Notices

We'd happily take them in Maui if you'll fly the doctors there.

Locally, we can agree to push them into early October with the parties agreeing to extend the Court ordered deadline beyond September 30. We could plan one for the morning and one for the afternoon and do October 2 if no one involved observes Yom Kippur (the Bayer attorney does not). Otherwise, we could double up on October 13, 9, or 10 (our preferences in that order).

I've attached the stipulations for your approval/signature.

Thanks,

Ken Friedman
Sidley Austin LLP
213.896.6055

---

**From:** Sean Foldenauer [mailto:smf@ftflaw.com]
**Sent:** Thursday, September 21, 2006 2:14 PM
**To:** Friedman, Kenneth E.
**Subject:** RE: Baycol MDL Deposition Notices

# EXHIBIT 4

**Friedman, Kenneth E.**

---

**From:** Friedman, Kenneth E.
**Sent:** Wednesday, October 04, 2006 11:56 AM
**To:** 'tmacaluso@macalusolawsd.com'; 'sking@macalusolawsd.com'; 'ddailey@larsonking.com'; 'Marjorie.Shiekman@Dechert.com'; 'thomas.moore@dbr.com'; 'Horwitz, Mario'; 'smf@ftflaw.com'; 'jesteslaw@aol.com'; 'baycoldep@dechert.com'
**Cc:** Friedman, Kenneth E.
**Subject:** Baycol MDL Deposition Notices

**Attachments:** Maywood.pdf; Levine.pdf

Attached please find amended deposition notices for the experts in the following cases:

Loren Kofsky, *Loren Kofsky, et al. v. Bayer Corp., et al.*, Case No. 02-0141
Joseph Elich, *Joseph Elich, et al. v. Bayer Corp., et al.*, Case No. 02-0434

As suggested, we noticed them for the offices of Frantz, Townsend & Foldenauer LLP. Please let me know if the offer to host the depositions no longer stands.

Ken Friedman
Sidley Austin LLP
213.896.6055

Maywood.pdf (169 KB)

Levine.pdf (168 KB)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re BAYCOL PRODUCTS LITIGATION | MDL No. 1431 (MJD) |
| This Document Relates to: | |
| *Kofsky, et al. v. Bayer Corp., et al.* | Case No. 02-0141 |

**AMENDED NOTICE OF DEPOSITION OF**
**DR. MICHAEL MAYWOOD**

YOU ARE HEREBY NOTIFIED that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the deposition of Dr. Michael Maywood will take place at on October 13, 2006 in the above-referenced case. The deposition will begin at 10:00 a.m. at Frantz, Townsend & Foldenauer LLP, One America Plaza, 600 W. Broadway, Suite 1200, San Diego, California. The deposition will be stenographically recorded by a court reporter authorized to administer oaths and will continue day to day, excluding Saturdays, Sundays and holidays, until completed. Dr. Maywood is asked to bring to the deposition the documents identified on **Attachment A.**

You are invited to attend and cross-examine.

Dated: October 4, 2006

SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013

By: ______________________
Catherine Valerio Barrad
Attorneys for Defendant Bayer Corporation

Of Counsel:

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Peter W. Sipkins (#101540)
DORSEY & WHITNEY LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402
(612) 340-2600

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA 15219
(412) 566-6000

## ATTACHMENT A

1. The term "document or other tangible things" means any and all material, wherever located, that is subject to production under Federal Rules of Civil Procedures. The term includes, but is not limited to, any and all material that is written, printed, typed, photographed, recorded (electrically, electronically, magnetically, graphically or otherwise) or which is capable of being recorded in any form, such as transcripts, books, letters, correspondence, reports, memoranda, extracts, charts, diskettes, tapes, data sheets, photographs, bills, invoices, contracts, proposals, communications, electronic mail messages, notes, business cards, pamphlets, reports and recording of telephone or other conversations, or of interviews, or of conferences, or of other meetings, statements, summaries, opinions, studies, analyses, evaluations, manuals, publications, newspaper articles, appointment books, any mechanical or electronic sound recordings or transcripts thereof, any notes or drafts relating to the foregoing, and all things similar to any of the foregoing, however denominated, in the possession or control of the witness.

2. The terms "personal possession" or "possession" means in the personal possession, custody or control of the witness in his office, home, automobile, or any other location.

3. The singular of any word shall, include the plural, and the plural shall include the singular.

4. The words "and" and "or" as used in this request shall be interpreted as conjunctive, disjunctive, or both, depending on context, so that the fullest production of information is provided.

5. All documents and other tangible things are to be produced as they are kept by the witness so that one can ascertain the files in which they were located, their relative order in the files and how the files were maintained.

6. If the witness does not respond to a request on the basis of privilege, with respect to each document or other tangible thing for which it claims a privilege, state the type of document or other tangible things, the date thereof, the person who prepared it, each person to whom it was circulated, each person who received a copy of it, the subject matter of the document or other tangible things, and the particular privilege claimed.

7. The deponent is instructed to bring to the deposition and to allow counsel to inspect, and copy the following documents and/or tangible things, whether maintained in written or electronic form, which are in the deponent's control, possession or custody:

   A. A current curriculum vitae and bibliography of the appearing deponent.

   B. The complete file maintained by Michael Maywood, M.D. in connection with this case.

   C. All documents of any nature, kind or description read, reviewed or supplied to the deponent in reference to this case, including, but not limited to, any and all medical records, deposition transcripts, answers to interrogatories, and statements of witnesses.

   D. All documents and other tangible things reflecting, concerning, referring to, or in any way relating to communications with any member of the press or any public interest group and/or their representatives, concerning, referring to, or in any way relating to Baycol, including, but not limited to, notes of conversations, correspondence, and facsimile cover sheets.

E. All notes, side margins or computer entries or other documents created or edited by the deponent in the course of reviewing this case.

F. All documents and other tangible things reflecting, concerning, referring to, or in any way relating to communications with attorneys and/or their representatives, which concern, refer to, or in any way relate to this case, including, but not limited to, notes of conversations, correspondence, facsimile cover sheets, retainer agreements, invoices and/or memoranda prepared by attorneys and/or their representatives and provided to the deponent.

G. All medical or other literature of any nature, kind or description read, reviewed, relied upon or consulted by the deponent in reference to the review of this case.

H. All documents of any nature, kind or description reflecting time spent on and/or in any way demonstrating the deponent's income from this case or any other litigation involving Baycol.

I. All notes (handwritten or otherwise) or reports generated, whether preliminary, draft or final, in connection with the deponent's review of this case.

J. All documents upon which the deponent has relied or will rely upon, in forming opinions as disclosed in connection with this case.

K. Any documents either constituting or concerning any advertisements or solicitations for the deponent to serve as an expert witness in the Baycol litigation.

L. Any chart, data compilation, graphic, exhibit, or demonstrative aid that the deponent intends to use in rendering testimony in any trial of this case.

## CERTIFICATE OF SERVICE

Copies of the foregoing were sent on this 4th day of October, 2006 via electronic mail and U.S. mail to:

James P. Frantz
Sean M. Foldenauer
smf@ftflaw.com
Frantz, Townsend & Foldenauer LLP
One America Plaza
600 W. Broadway, Suite 1200
San Diego, CA 92101-3314

Jeffrey E. Estes
jesteslaw@aol.com
Estes & Associates
510 West Broadway, Suite 1700
San Diego, CA 92101

Deanna D. Dailey, Esq.
ddailey@larsonking.com
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101

**Attorneys for Plaintiffs**

Marjorie Shiekman, Esq.
Marjorie.Shiekman@Dechert.com
DECHERT LLP
Cira Center
2929 Arch Street
Philadelphia, Pennsylvania 19104-2857

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re BAYCOL PRODUCTS LITIGATION | MDL No. 1431 (MJD) |
| This Document Relates to: | |
| *Elich, et al. v. Bayer Corp., et al.* | Case No. 02-0434 |

**AMENDED NOTICE OF DEPOSITION OF**
**DR. NEIL LEVINE**

YOU ARE HEREBY NOTIFIED that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the deposition of Dr. Neil Levine will take place at on October 13, 2006 in the above-referenced case. The deposition will begin at 2:00 p.m. at Frantz, Townsend & Foldenauer LLP, One America Plaza, 600 W. Broadway, Suite 1200, San Diego, California. The deposition will be stenographically recorded by a court reporter authorized to administer oaths and will continue day to day, excluding Saturdays, Sundays and holidays, until completed. Dr. Levine is asked to bring to the deposition the documents identified on **Attachment A.**

You are invited to attend and cross-examine.

Dated: October 4, 2006

SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013

By: ______________________
Catherine Valerio Barrad
Attorneys for Defendant Bayer Corporation

Of Counsel:

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Peter W. Sipkins (#101540)
DORSEY & WHITNEY LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402
(612) 340-2600

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA 15219
(412) 566-6000

## ATTACHMENT A

1. The term "document or other tangible things" means any and all material, wherever located, that is subject to production under Federal Rules of Civil Procedures. The term includes, but is not limited to, any and all material that is written, printed, typed, photographed, recorded (electrically, electronically, magnetically, graphically or otherwise) or which is capable of being recorded in any form, such as transcripts, books, letters, correspondence, reports, memoranda, extracts, charts, diskettes, tapes, data sheets, photographs, bills, invoices, contracts, proposals, communications, electronic mail messages, notes, business cards, pamphlets, reports and recording of telephone or other conversations, or of interviews, or of conferences, or of other meetings, statements, summaries, opinions, studies, analyses, evaluations, manuals, publications, newspaper articles, appointment books, any mechanical or electronic sound recordings or transcripts thereof, any notes or drafts relating to the foregoing, and all things similar to any of the foregoing, however denominated, in the possession or control of the witness.

2. The terms "personal possession" or "possession" means in the personal possession, custody or control of the witness in his office, home, automobile, or any other location.

3. The singular of any word shall, include the plural, and the plural shall include the singular.

4. The words "and" and "or" as used in this request shall be interpreted as conjunctive, disjunctive, or both, depending on context, so that the fullest production of information is provided.

5. All documents and other tangible things are to be produced as they are kept by the witness so that one can ascertain the files in which they were located, their relative order in the files and how the files were maintained.

6. If the witness does not respond to a request on the basis of privilege, with respect to each document or other tangible thing for which it claims a privilege, state the type of document or other tangible things, the date thereof, the person who prepared it, each person to whom it was circulated, each person who received a copy of it, the subject matter of the document or other tangible things, and the particular privilege claimed.

7. The deponent is instructed to bring to the deposition and to allow counsel to inspect, and copy the following documents and/or tangible things, whether maintained in written or electronic form, which are in the deponent's control, possession or custody:

   A. A current curriculum vitae and bibliography of the appearing deponent.

   B. The complete file maintained by Neil Levine, M.D. in connection with this case.

   C. All documents of any nature, kind or description read, reviewed or supplied to the deponent in reference to this case, including, but not limited to, any and all medical records, deposition transcripts, answers to interrogatories, and statements of witnesses.

   D. All documents and other tangible things reflecting, concerning, referring to, or in any way relating to communications with any member of the press or any public interest group and/or their representatives, concerning, referring to, or in any way relating to Baycol, including, but not limited to, notes of conversations, correspondence, and facsimile cover sheets.

E. All notes, side margins or computer entries or other documents created or edited by the deponent in the course of reviewing this case.

F. All documents and other tangible things reflecting, concerning, referring to, or in any way relating to communications with attorneys and/or their representatives, which concern, refer to, or in any way relate to this case, including, but not limited to, notes of conversations, correspondence, facsimile cover sheets, retainer agreements, invoices and/or memoranda prepared by attorneys and/or their representatives and provided to the deponent.

G. All medical or other literature of any nature, kind or description read, reviewed, relied upon or consulted by the deponent in reference to the review of this case.

H. All documents of any nature, kind or description reflecting time spent on and/or in any way demonstrating the deponent's income from this case or any other litigation involving Baycol.

I. All notes (handwritten or otherwise) or reports generated, whether preliminary, draft or final, in connection with the deponent's review of this case.

J. All documents upon which the deponent has relied or will rely upon, in forming opinions as disclosed in connection with this case.

K. Any documents either constituting or concerning any advertisements or solicitations for the deponent to serve as an expert witness in the Baycol litigation.

L. Any chart, data compilation, graphic, exhibit, or demonstrative aid that the deponent intends to use in rendering testimony in any trial of this case.

## CERTIFICATE OF SERVICE

Copies of the foregoing were sent on this 4th day of October, 2006 via electronic mail and U.S. mail to:

James P. Frantz
Sean M. Foldenauer
smf@ftflaw.com
Frantz, Townsend & Foldenauer LLP
One America Plaza
600 W. Broadway, Suite 1200
San Diego, CA 92101-3314

Jeffrey E. Estes
jesteslaw@aol.com
Estes & Associates
510 West Broadway, Suite 1700
San Diego, CA 92101

Deanna D. Dailey, Esq.
ddailey@larsonking.com
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101

**Attorneys for Plaintiffs**

Marjorie Shiekman, Esq.
Marjorie.Shiekman@Dechert.com
DECHERT LLP
Cira Center
2929 Arch Street
Philadelphia, Pennsylvania 19104-2857

# EXHIBIT 5

SIDLEY AUSTIN LLP
SIDLEY

SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013
213 896 6000
213 896 6600 FAX

kfriedman@sidley.com
(213) 896-6055

BEIJING BRUSSELS CHICAGO DALLAS GENEVA HONG KONG LONDON LOS ANGELES NEW YORK SAN FRANCISCO SHANGHAI SINGAPORE TOKYO WASHINGTON, DC

FOUNDED 1866

October 10, 2006

**<u>Via Facsimile and U.S. Mail</u>**
Sean M. Foldenauer
Frantz, Townsend & Foldenauer LLP
600 West Broadway #1200
San Diego, CA 92101
<u>619-525-7672</u>

Re: <u>*In re Baycol Products Liability Litigation*, MDL No. 1431</u>

Dear Mr. Foldenauer:

I write in regard to the case-specific expert depositions in *Elich v. Bayer, et al.*, Case No. 02-0434 and *Kofsky v. Bayer, et al.*, Case No. 02-0141 as you have failed to respond to my emails and telephone calls.

On September 14, 2006, pursuant to PTO 149, Bayer noticed the expert deposition of Dr. Neil Levine in *Elich* for September 25, 2006. On the same date, Bayer noticed the expert deposition of Dr. Michael Maywood in *Kofsky* for September 26, 2006. Following my September 21 request for the experts' hourly rates and taxpayer identification numbers, you informed me that you had not received the deposition notices and asked that I resend them. You further stated that you would be out of the state the week of September 25 and would need to find a colleague to defend the depositions if we would not postpone them.

In a continuing email conversation that afternoon, I provided duplicate copies of the notices and again requested hourly rates and taxpayer identification numbers for the witnesses. You asked for a one-week postponement and agreed to sign stipulations we had previously discussed. The stipulations were to memorialize Plaintiffs' acknowledgement that they do not seek, and will not request at trial or otherwise, any recovery for personal or bodily injuries or disease, and will not offer evidence at trial that they suffered any personal or bodily injuries or disease, as a result of taking Baycol. Plaintiffs were to agree not to offer the expert testimony or the expert reports of Dr. Levine or Dr. Maywood regarding personal or bodily injuries in their actions. Defendant agreed to withdraw its requests for the expert depositions of the two doctors related to personal or bodily injuries, and to take the depositions of the witnesses as treating and/or prescribing physicians. Defendant further agreed not seek dismissal of the actions for non-compliance with the provisions of Pretrial Order Nos. 114, 127 and/or 149 relating to case-specific experts on injury and causation.

Based on your representation that you would sign the stipulations, Defendant agreed to postpone the depositions beyond the PTO 149 deadline to your choice of October 2, 9,

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

10, or 13, 2006. Defendants never received a response to that correspondence, but aware of your vacation the week of September 25, waited until October 3, 2006 to again request your signatures and to propose October 13 for the depositions. When you again failed to respond, Defendants issued amended deposition notices for the doctors on October 4, 2006, setting the depositions for October 13, 2006. Despite following-up with you telephonically, we have not heard anything from you since the last of your September 21, 2006 emails. At this late date, we cannot go forward with the two depositions this Friday not knowing whether they are full expert depositions or merely prescriber/treater depositions.

I have enclosed a copy of the Court's Order in *Kofsky* which, as you know, requires Plaintiffs to produce experts to prove their claims. We anticipate and expect that, regardless whether plaintiffs sign the stipulations, Drs. Levine and Maywood will testify as to the required information.

We are canceling the October 13 depositions, but will file motions to dismiss these actions for failure to produce experts for deposition as required by PTO 149 and the Court's prior Orders if by October 17, 2006 you do not return the signed stipulations and provide dates certain (for no later than October 31, 2006) for the treater/prescriber depositions of Drs. Levine and Maywood.

For your convenience, I have attached new, slightly revised versions of the stipulations for your signature. The revisions serve to clarify our agreement, including that the stipulations do not in any way obviate the need for plaintiffs to meet their burden of proof. It is Defendant's position that the deadline for disclosure of Defendant's case-specific experts is extended to 30 days beyond the date on which Drs. Levine and Maywood are eventually deposed.

Sincerely,

Kenneth E. Friedman

Enclosures

08/09/04
05:32 PM ET
Baycol MDL 14

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**In re: BAYCOL PRODUCTS LITIGATION** **MDL No. 1431 (MJD/JGL)**

**This Document Relates To:**

Loren Kofsky v. Bayer Corp., et al. Case No. 02-141

Tracy D. Resvani, Finkelstein Thompson & Loughran, Sean M Foldenauer, Frantz, Townsend & Foldenauer, LLP, James C. Krause, Krause & Kalfayan, and Jeffrey Estes, Estes & Associates for and on behalf of Plaintiffs.

Peter W. Sipkins, Dorsey & Whitney, Philip S. Beck and Adam L. Hoeflich, Bartlit Beck Herman Palenchar & Scott, Susan A. Weber, Eugene A. Schoon, James Mizgala and Sherry A. Knutson, Sidley Austin Brown & Wood, Gene C. Shaerr, Karen A. Popp, Paul J. Zidlicky and Rebecca Wood, Sidley Austin Brown & Wood, Richard K. Dandrea, Eckert Seamens Cherin & Mellott, LLC and Douglas R. Marvin for and on behalf of Bayer Corporation.

Tracy J. Van Steenburgh, Halleland Lewis Nilan Sipkins & Johnson, P.A. and Fred T. Magaziner, Thomas F. Munno, Debra D. O'Gorman and Lavinia H. Denniston, Dechert LLP for and on behalf of SmithKline Beecham Corp. d/b/a GlaxoSmithKline.

This matter is before the Court upon Plaintiff's motion for relief from parts I(A) and I(B) of PTO No. 114, which require that Plaintiffs submit either a case-specific expert report from a medical expert attesting that Baycol caused the plaintiff injury or a letter and supporting documents, followed by a case-specific expert report, that identifies and highlights the medical records, samples or prescriptions that document Baycol use, states the specific injury alleged, and

08/09/04 05:32 PM ET Baycol MDL 14

copies of relevant medical, sample or prescription records.

In this case, Plaintiff has alleged causes of action pursuant to California Civil Code, Section 1750, the California Business & Professions Code, Sections 17200 and 17500, breach of implied warranty, fraudulent concealment and medical monitoring. Plaintiff seeks a refund of the purchase price of Baycol, disgorgement of profits, actual and compensatory damages for the purchase of Baycol, costs and expenses associated with medical monitoring, prejudgment and postjudgment interest and attorneys fees. Plaintiff submits that as he is not seeking to recover any damages for personal injuries, there is no need for a case specific medical expert regarding personal injuries.

Bayer opposes the motion, arguing that this Court has already held, in conjunction with PSC's motion for class certification, that to succeed on claims of unjust enrichment and breach of warranty, "Plaintiffs would have to demonstrate that they were either injured by Baycol, or that Baycol did not provide them any health benefits." In re Baycol Prod. Liab. Lit., 218 F.R.D. 197, 213-214 (D. Minn. 2003). Further Bayer argues that without demonstrating proof of injury, Plaintiff cannot establish Article III standing, and the case would have to be dismissed.

In reviewing the relevant California case law governing Plaintiff's claims, it is clear that Plaintiff will have to demonstrate injury in order to succeed with respect to the warranty, fraud and equitable claims. For example, pursuant to

08/09/04
05:32 PM ET
Baycol MDL 14

California law, the elements of a warranty cause of action are: 1. There was a sale of goods; the defendant was the seller, and plaintiff a buyer; 2. Defendant impliedly warranted the goods sold; 3. There was a breach of warranty; and 4. The breach of warranty caused plaintiff to suffer injury, damage, loss or harm; and 5. The plaintiff gave defendant timely notice of the breach of warranty. Scott v. Metabolife Intern., Inc. 115 Cal. App. 4th 404, 9 Cal. Rptr. 3rd 242, 250 (Cal. App. 3 Dist. 2004). To recover on an unjust enrichment claim, California law provides that a plaintiff must show receipt of a benefit and the unjust retention of such benefit at the expense of plaintiff. Lectrodryer v. Seoul Bank, 77 Cal.App.4th 723, 726, 91 Cal. Rptr. 2d 881 (Cal. App. 2 Dist. 2000). Finally, to succeed on his claim of fraudulent concealment, Plaintiff must show (1) false representation, concealment or nondisclosure; (2) knowledge of falsity, or scienter; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. Agosto v. Astor, ___ Cal. Rptr. 3rd ___, 2004 WL 1542251 (Cal. App., 4 Dist., July 12, 2004).

As demonstrated above, California law is consistent with this Court's prior order in which it found unjust enrichment and breach of warranty claims required proof that Plaintiff was harmed or received no benefit from Baycol. In addition, this Court has already found that California, as well as a number of other states, requires case specific experts to prove the type of injury at issue in the Baycol

08/09/04
05:32 PM ET
Baycol MDL 14

cases. Ronwin et al. v. Bayer Corporation, (In re Baycol Prod. Liab. Lit.) MDL No. 1431, Civil No. 02-200 (D. Minn. June 10, 2004). The Court thus finds that Plaintiff has failed to show that a case specific expert will not be required to prove his claims. Accordingly,

IT IS HEREBY ORDERED that the Plaintiff's Motion for Relief From Parts I(A) and I(B) is DENIED.

Date: August 9, 2004

s/ Michael J. Davis
Michael J. Davis
United States District Court

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LIABILITY LITIGATION | : | MDL No. 1431 (MJD) |
| This Document Relates to: | : | |
| *Joseph R. Elich, et al. v. Bayer Corp., et al.* | : | Case No. 02-0434 |

**STIPULATION**

PLAINTIFF JOSEPH ELICH HEREBY STIPULATES AS FOLLOWS:

1. Plaintiff Joseph Elich does not seek, and will not request at trial or otherwise, any recovery for personal or bodily injuries or disease, and will not offer evidence at trial that he suffered any personal or bodily injuries or disease, as a result of taking Baycol.

2. Plaintiff Joseph Elich will not offer the expert testimony or expert report of Neil D. Levine, M.D. regarding personal or bodily injuries in this action.

3. In reliance upon paragraphs 1 and 2 above, defendants have withdrawn their request for the expert deposition of Neil D. Levine, M.D. regarding personal or bodily injuries in this matter, and will take only a deposition of Neil D. Levine, M.D. as a treating and/or prescribing physician.

4. Further in reliance upon paragraphs 1 and 2 above, defendants will not seek dismissal of this action for non-compliance with the provisions of Pretrial Order Nos. 114, 127 and/or 149 relating to case-specific experts on injury and causation.

5. This Stipulation does not change Plaintiff's burdens of proof or persuasion in this action.

Dated: October ___ 2006

JOSEPH P. ELICH
by and through his counsel

By: ______________________________
Attorneys for Plaintiff

James P. Frantz
Sean M. Foldenauer
smf@ftflaw.com
Frantz, Townsend & Foldenauer LLP
600 West Broadway, Suite 1200
San Diego, CA 92101

Jeffrey E. Estes
jesteslaw@aol.com
Estes & Associates
510 West Broadway, Suite 1700
San Diego, CA 92101

Todd Macaluso
tmacaluso@macalusolawsd.com
Macaluso & Associates
600 West Broadway, Suite 1200
San Diego, CA 92101

**Counsel for Plaintiff**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LIABILITY LITIGATION | : | MDL No. 1431 (MJD) |
| This Document Relates to: | : | |
| *Loren F. Kofsky, et al. v. Bayer Corp., et al.* | : | Case No. 02-0141 |

**STIPULATION**

PLAINTIFF LOREN KOFSKY HEREBY STIPULATES AS FOLLOWS:

1. Plaintiff Loren Kofsky does not seek, and will not request at trial or otherwise, any recovery for personal or bodily injuries or disease, and will not offer evidence at trial that he suffered any personal or bodily injuries or disease, as a result of taking Baycol.

2. Plaintiff Loren Kofsky will not offer the expert testimony or expert report of Michael F. Maywood, M.D. regarding personal or bodily injuries in this action.

3. In reliance upon paragraphs 1 and 2 above, defendants have withdrawn their request for the expert deposition of Michael F. Maywood, M.D. regarding personal or bodily injuries in this matter, and will take only a deposition of Michael F. Maywood, M.D. as a treating and/or prescribing physician.

4. Further in reliance upon paragraphs 1 and 2 above, defendants will not seek dismissal of this action for non-compliance with the provisions of Pretrial Order Nos. 114, 127 and/or 149 relating to case-specific experts on injury and causation.

5. This Stipulation does not change Plaintiff's burdens of proof or persuasion in this action.

Dated: September ___ 2006

LOREN KOFSKY
by and through his counsel

By: ______________________________
Attorneys for Plaintiff

James P. Frantz
Sean M. Foldenauer
smf@ftflaw.com
Frantz, Townsend & Foldenauer LLP
600 West Broadway, Suite 1200
San Diego, CA 92101

Jeffrey E. Estes
jesteslaw@aol.com
Estes & Associates
510 West Broadway, Suite 1700
San Diego, CA 92101

Todd Macaluso
tmacaluso@macalusolawsd.com
Macaluso & Associates
600 West Broadway, Suite 1200
San Diego, CA 92101

**Counsel for Plaintiff**

# EXHIBIT 6

**Friedman, Kenneth E.**

---

**From:** Sean Foldenauer [smf@ftflaw.com]

**Sent:** Monday, October 16, 2006 6:16 PM

**To:** Friedman, Kenneth E.

**Cc:** Patrick N. Keegan Esq.; Jim Frantz

**Subject:** RE: Baycol MDL Deposition Notices -- Elich/Kofsky

Ken:

We have reviewed your letter and proposed stipulations concerning treating physicians, Maywood and Levine. We need to discuss the stipulation language a bit further. It appears to misstate that which we agreed. We have always stated that we are not seeking to recover monetary damages for personal injuries in these cases, as they are class-based advertising cases. The Complaint itself specifically excludes personal injuries from the class description allegations. Nonetheless, we timely provided case-specific expert reports from Drs. Maywood and Levine. They are not retained experts designated to opine as to causation of injury to support a personal injury claims. But they are percipient experts to the extent they have opinions with respect to their care, treatment, diagnoses, prognoses, etc., of their patients. The stipulations should to reflect this, we believe.

Lastly, to my knowledge, we have satisfied all of the Court's Pre-Trial Orders.

Please call tomorrow so we can discuss this matter further and get these depositions back on track.

Sincerely,

Sean M. Foldenauer, Esq.
FRANTZ, TOWNSEND & FOLDENAUER LLP
ONE AMERICA PLAZA
600 West Broadway, 12th Floor
San Diego, CA 92101
Tel.: (619) 233-5945
Fax: (619) 525-7672

CONFIDENTIAL
The information contained in this electronic mail transmission is confidential and intended to be sent only to the stated recipient of the transmission. It may therefore be protected from unauthorized use or dissemination by the attorney-client and/or attorney work-product privileges. If you are not the intended recipient or the intended recipient's agent, you are hereby notified that any review, use, dissemination, distribution or copying of this communication is strictly prohibited. You are also asked to notify us immediately by telephone and to delete this transmission with any attachments and destroy all copies in any form. Thank you in advance for your cooperation

-----Original Message-----
**From:** Friedman, Kenneth E. [mailto:KFriedma@Sidley.com]
**Sent:** Wednesday, October 04, 2006 11:56 AM
**To:** tmacaluso@macalusolawsd.com; sking@macalusolawsd.com; ddailey@larsonking.com; Marjorie.Shiekman@Dechert.com; thomas.moore@dbr.com; Horwitz, Mario; smf@ftflaw.com; jesteslaw@aol.com; baycoldep@dechert.com
**Cc:** Friedman, Kenneth E.
**Subject:** Baycol MDL Deposition Notices

Attached please find amended deposition notices for the experts in the following cases:

Loren Kofsky, *Loren Kofsky, et al. v. Bayer Corp., et al.*, Case No. 02-0141

Joseph Elich, *Joseph Elich, et al. v. Bayer Corp., et al.*, Case No. 02-0434

As suggested, we noticed them for the offices of Frantz, Townsend & Foldenauer LLP. Please let me know if the offer to host the depositions no longer stands.

Ken Friedman
Sidley Austin LLP
213.896.6055
<<Maywood.pdf>>
<<Levine.pdf>>

Sidley Austin LLP mail server made the following annotations on 10/04/06, 13:56
--------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, that, unless expressly stated otherwise, any U.S. federal tax advice contained communication, including attachments, was not intended or written to be used, a used, by any taxpayer for the purpose of avoiding any penalties that may be imp taxpayer by the Internal Revenue Service. In addition, if any such tax advice to by other parties in promoting, marketing or recommending any partnership or investment plan or arrangement, then (i) the advice should be construed as writ with the promotion or marketing by others of the transaction(s) or matter(s) ad communication and (ii) the taxpayer should seek advice based on the taxpayer's circumstances from an independent tax advisor.

********************************************************************************
This e-mail is sent by a law firm and may contain information that is privilege If you are not the intended recipient, please delete the e-mail and any attachm immediately.

********************************************************************************

# EXHIBIT 7

**Friedman, Kenneth E.**

**From:** Friedman, Kenneth E.

**Sent:** Wednesday, October 18, 2006 2:33 PM

**To:** 'Sean Foldenauer'

**Subject:** RE: Baycol MDL Deposition Notices -- Elich/Kofsky

Sean,
I left you a voicemail message as well. I am happy to discuss the terms of the stipulations, and will consider any proposed revisions you have, but this is the form that we're comfortable with and I thought it was what we agreed. If you're unwilling to sign it, we need expert deposition dates for Maywood and Levine. We will take the depositions on the doctors' choice of November 1, 6, 7, 8, or 9, but need dates certain by Friday at noon.

Ken Friedman
Sidley Austin LLP
213.896.6055

---

**From:** Sean Foldenauer [mailto:smf@ftflaw.com]
**Sent:** Monday, October 16, 2006 6:16 PM
**To:** Friedman, Kenneth E.
**Cc:** Patrick N. Keegan Esq.; Jim Frantz
**Subject:** RE: Baycol MDL Deposition Notices -- Elich/Kofsky

Ken:

We have reviewed your letter and proposed stipulations concerning treating physicians, Maywood and Levine. We need to discuss the stipulation language a bit further. It appears to misstate that which we agreed. We have always stated that we are not seeking to recover monetary damages for personal injuries in these cases, as they are class-based advertising cases. The Complaint itself specifically excludes personal injuries from the class description allegations. Nonetheless, we timely provided case-specific expert reports from Drs. Maywood and Levine. They are not retained experts designated to opine as to causation of injury to support a personal injury claims. But they are percipient experts to the extent they have opinions with respect to their care, treatment, diagnoses, prognoses, etc., of their patients. The stipulations should to reflect this, we believe.

Lastly, to my knowledge, we have satisfied all of the Court's Pre-Trial Orders.

Please call tomorrow so we can discuss this matter further and get these depositions back on track.

Sincerely,
Sean M. Foldenauer, Esq.
FRANTZ, TOWNSEND & FOLDENAUER LLP
ONE AMERICA PLAZA
600 West Broadway, 12th Floor
San Diego, CA 92101
Tel.: (619) 233-5945
Fax: (619) 525-7672

CONFIDENTIAL
The information contained in this electronic mail transmission is confidential and intended to be sent only to the stated recipient of the transmission. It may therefore be protected from unauthorized use or dissemination by the attorney-client and/or attorney work-product privileges. If you are not the intended recipient or the intended recipient's agent, you are hereby notified that any review, use, dissemination, distribution or copying of this

communication is strictly prohibited. You are also asked to no :fy us immediately by telephone and to delete this transmission with any attachments and destroy all copies in an; form. Thank you in advance for your cooperation

-----Original Message-----
**From:** Friedman, Kenneth E. [mailto:KFriedma@Sidley.com]
**Sent:** Wednesday, October 04, 2006 11:56 AM
**To:** tmacaluso@macalusolawsd.com; sking@macalusolawsd.com; ddailey@larsonking.com; Marjorie.Shiekman@Dechert.com; thomas.moore@dbr.com; Horwitz, Mario; smf@ftflaw.com; jesteslaw@aol.com; baycoldep@dechert.com
**Cc:** Friedman, Kenneth E.
**Subject:** Baycol MDL Deposition Notices

Attached please find amended deposition notices for the experts in the following cases:

Loren Kofsky, *Loren Kofsky, et al. v. Bayer Corp., et al.*, Case No. 02-0141

Joseph Elich, *Joseph Elich, et al. v. Bayer Corp., et al.*, Case No. 02-0434

As suggested, we noticed them for the offices of Frantz, Townsend & Foldenauer LLP. Please let me know if the offer to host the depositions no longer stands.

Ken Friedman
Sidley Austin LLP
213.896.6055
<<Maywood.pdf>>
<<Levine.pdf>>

Sidley Austin LLP mail server made the following annotations on 10/04/06,
----------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulati that, unless expressly stated otherwise, any U.S. federal tax advice conta communication, including attachments, was not intended or written to be us used, by any taxpayer for the purpose of avoiding any penalties that may b taxpayer by the Internal Revenue Service. In addition, if any such tax ad to by other parties in promoting, marketing or recommending any partnershi investment plan or arrangement, then (i) the advice should be construed as with the promotion or marketing by others of the transaction(s) or matter( communication and (ii) the taxpayer should seek advice based on the taxpay circumstances from an independent tax advisor.

************************************************************************
This e-mail is sent by a law firm and may contain information that is priv If you are not the intended recipient, please delete the e-mail and any at immediately.

************************************************************************

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : MDL No. 1431 (MJD) |
| This Document Relates to: | : |
| *Elich, et al. v. Bayer Corp., et al.* | : Case No. 02-0434 |

**AMENDED NOTICE OF DEPOSITION OF**
**DR. NEIL LEVINE**

YOU ARE HEREBY NOTIFIED that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the deposition of Dr. Neil Levine will take place at on November 6, 2006 in the above-referenced case. The deposition will begin at 2:00 p.m. at Imperial Bank Tower, 701 B Street, Suite 358, San Diego, California. The deposition will be stenographically recorded by a court reporter authorized to administer oaths and will continue day to day, excluding Saturdays, Sundays and holidays, until completed. Dr. Levine is asked to bring to the deposition the documents identified on **Attachment A.**

You are invited to attend and cross-examine.

Dated: October 20, 2006

SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013

By: ______________________
Catherine Valerio Barrad
Attorneys for Defendant Bayer Corporation

Of Counsel:

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Peter W. Sipkins (#101540)
DORSEY & WHITNEY LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402
(612) 340-2600

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA 15219
(412) 566-6000

## ATTACHMENT A

1. The term "document or other tangible things" means any and all material, wherever located, that is subject to production under Federal Rules of Civil Procedures. The term includes, but is not limited to, any and all material that is written, printed, typed, photographed, recorded (electrically, electronically, magnetically, graphically or otherwise) or which is capable of being recorded in any form, such as transcripts, books, letters, correspondence, reports, memoranda, extracts, charts, diskettes, tapes, data sheets, photographs, bills, invoices, contracts, proposals, communications, electronic mail messages, notes, business cards, pamphlets, reports and recording of telephone or other conversations, or of interviews, or of conferences, or of other meetings, statements, summaries, opinions, studies, analyses, evaluations, manuals, publications, newspaper articles, appointment books, any mechanical or electronic sound recordings or transcripts thereof, any notes or drafts relating to the foregoing, and all things similar to any of the foregoing, however denominated, in the possession or control of the witness.

2. The terms "personal possession" or "possession" means in the personal possession, custody or control of the witness in his office, home, automobile, or any other location.

3. The singular of any word shall, include the plural, and the plural shall include the singular.

4. The words "and" and "or" as used in this request shall be interpreted as conjunctive, disjunctive, or both, depending on context, so that the fullest production of information is provided.

5. All documents and other tangible things are to be produced as they are kept by the witness so that one can ascertain the files in which they were located, their relative order in the files and how the files were maintained.

6. If the witness does not respond to a request on the basis of privilege, with respect to each document or other tangible thing for which it claims a privilege, state the type of document or other tangible things, the date thereof, the person who prepared it, each person to whom it was circulated, each person who received a copy of it, the subject matter of the document or other tangible things, and the particular privilege claimed.

7. The deponent is instructed to bring to the deposition and to allow counsel to inspect, and copy the following documents and/or tangible things, whether maintained in written or electronic form, which are in the deponent's control, possession or custody:

   A. A current curriculum vitae and bibliography of the appearing deponent.

   B. The complete file maintained by Neil Levine, M.D. in connection with this case.

   C. All documents of any nature, kind or description read, reviewed or supplied to the deponent in reference to this case, including, but not limited to, any and all medical records, deposition transcripts, answers to interrogatories, and statements of witnesses.

   D. All documents and other tangible things reflecting, concerning, referring to, or in any way relating to communications with any member of the press or any public interest group and/or their representatives, concerning, referring to, or in any way relating to Baycol, including, but not limited to, notes of conversations, correspondence, and facsimile cover sheets.

E. All notes, side margins or computer entries or other documents created or edited by the deponent in the course of reviewing this case.

F. All documents and other tangible things reflecting, concerning, referring to, or in any way relating to communications with attorneys and/or their representatives, which concern, refer to, or in any way relate to this case, including, but not limited to, notes of conversations, correspondence, facsimile cover sheets, retainer agreements, invoices and/or memoranda prepared by attorneys and/or their representatives and provided to the deponent.

G. All medical or other literature of any nature, kind or description read, reviewed, relied upon or consulted by the deponent in reference to the review of this case.

H. All documents of any nature, kind or description reflecting time spent on and/or in any way demonstrating the deponent's income from this case or any other litigation involving Baycol.

I. All notes (handwritten or otherwise) or reports generated, whether preliminary, draft or final, in connection with the deponent's review of this case.

J. All documents upon which the deponent has relied or will rely upon, in forming opinions as disclosed in connection with this case.

K. Any documents either constituting or concerning any advertisements or solicitations for the deponent to serve as an expert witness in the Baycol litigation.

L. Any chart, data compilation, graphic, exhibit, or demonstrative aid that the deponent intends to use in rendering testimony in any trial of this case.

## CERTIFICATE OF SERVICE

Copies of the foregoing were sent on this 20th day of October, 2006 via electronic mail and U.S. mail to:

James P. Frantz
Sean M. Foldenauer
smf@ftflaw.com
Frantz, Townsend & Foldenauer LLP
One America Plaza
600 W. Broadway, Suite 1200
San Diego, CA 92101-3314

Jeffrey E. Estes
jesteslaw@aol.com
Estes & Associates
510 West Broadway, Suite 1700
San Diego, CA 92101

Deanna D. Dailey, Esq.
ddailey@larsonking.com
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101

**Attorneys for Plaintiffs**

Marjorie Shiekman, Esq.
Marjorie.Shiekman@Dechert.com
DECHERT LLP
Cira Center
2929 Arch Street
Philadelphia, Pennsylvania 19104-2857

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re BAYCOL PRODUCTS LITIGATION | MDL No. 1431 (MJD) |
| This Document Relates to: | |
| *Kofsky, et al. v. Bayer Corp., et al.* | Case No. 02-0141 |

**AMENDED NOTICE OF DEPOSITION OF**
**DR. MICHAEL MAYWOOD**

YOU ARE HEREBY NOTIFIED that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the deposition of Dr. Michael Maywood will take place at on November 6, 2006 in the above-referenced case. The deposition will begin at 9:00 a.m. at Imperial Bank Tower, 701 B Street, Suite 358, San Diego, California. The deposition will be stenographically recorded by a court reporter authorized to administer oaths and will continue day to day, excluding Saturdays, Sundays and holidays, until completed. Dr. Maywood is asked to bring to the deposition the documents identified on **Attachment A.**

You are invited to attend and cross-examine.

Dated: October 20, 2006

SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013

By: ______________________
Catherine Valerio Barrad
Attorneys for Defendant Bayer Corporation

Of Counsel:

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Peter W. Sipkins (#101540)
DORSEY & WHITNEY LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402
(612) 340-2600

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA 15219
(412) 566-6000

## ATTACHMENT A

1. The term "document or other tangible things" means any and all material, wherever located, that is subject to production under Federal Rules of Civil Procedures. The term includes, but is not limited to, any and all material that is written, printed, typed, photographed, recorded (electrically, electronically, magnetically, graphically or otherwise) or which is capable of being recorded in any form, such as transcripts, books, letters, correspondence, reports, memoranda, extracts, charts, diskettes, tapes, data sheets, photographs, bills, invoices, contracts, proposals, communications, electronic mail messages, notes, business cards, pamphlets, reports and recording of telephone or other conversations, or of interviews, or of conferences, or of other meetings, statements, summaries, opinions, studies, analyses, evaluations, manuals, publications, newspaper articles, appointment books, any mechanical or electronic sound recordings or transcripts thereof, any notes or drafts relating to the foregoing, and all things similar to any of the foregoing, however denominated, in the possession or control of the witness.

2. The terms "personal possession" or "possession" means in the personal possession, custody or control of the witness in his office, home, automobile, or any other location.

3. The singular of any word shall, include the plural, and the plural shall include the singular.

4. The words "and" and "or" as used in this request shall be interpreted as conjunctive, disjunctive, or both, depending on context, so that the fullest production of information is provided.

5. All documents and other tangible things are to be produced as they are kept by the witness so that one can ascertain the files in which they were located, their relative order in the files and how the files were maintained.

6. If the witness does not respond to a request on the basis of privilege, with respect to each document or other tangible thing for which it claims a privilege, state the type of document or other tangible things, the date thereof, the person who prepared it, each person to whom it was circulated, each person who received a copy of it, the subject matter of the document or other tangible things, and the particular privilege claimed.

7. The deponent is instructed to bring to the deposition and to allow counsel to inspect, and copy the following documents and/or tangible things, whether maintained in written or electronic form, which are in the deponent's control, possession or custody:

   A. A current curriculum vitae and bibliography of the appearing deponent.

   B. The complete file maintained by Michael Maywood, M.D. in connection with this case.

   C. All documents of any nature, kind or description read, reviewed or supplied to the deponent in reference to this case, including, but not limited to, any and all medical records, deposition transcripts, answers to interrogatories, and statements of witnesses.

   D. All documents and other tangible things reflecting, concerning, referring to, or in any way relating to communications with any member of the press or any public interest group and/or their representatives, concerning, referring to, or in any way relating to Baycol, including, but not limited to, notes of conversations, correspondence, and facsimile cover sheets.

E. All notes, side margins or computer entries or other documents created or edited by the deponent in the course of reviewing this case.

F. All documents and other tangible things reflecting, concerning, referring to, or in any way relating to communications with attorneys and/or their representatives, which concern, refer to, or in any way relate to this case, including, but not limited to, notes of conversations, correspondence, facsimile cover sheets, retainer agreements, invoices and/or memoranda prepared by attorneys and/or their representatives and provided to the deponent.

G. All medical or other literature of any nature, kind or description read, reviewed, relied upon or consulted by the deponent in reference to the review of this case.

H. All documents of any nature, kind or description reflecting time spent on and/or in any way demonstrating the deponent's income from this case or any other litigation involving Baycol.

I. All notes (handwritten or otherwise) or reports generated, whether preliminary, draft or final, in connection with the deponent's review of this case.

J. All documents upon which the deponent has relied or will rely upon, in forming opinions as disclosed in connection with this case.

K. Any documents either constituting or concerning any advertisements or solicitations for the deponent to serve as an expert witness in the Baycol litigation.

L. Any chart, data compilation, graphic, exhibit, or demonstrative aid that the deponent intends to use in rendering testimony in any trial of this case.

**CERTIFICATE OF SERVICE**

Copies of the foregoing were sent on this 20th day of October, 2006 via electronic mail and U.S. mail to:

James P. Frantz
Sean M. Foldenauer
smf@ftflaw.com
Frantz, Townsend & Foldenauer LLP
One America Plaza
600 W. Broadway, Suite 1200
San Diego, CA 92101-3314

Jeffrey E. Estes
jesteslaw@aol.com
Estes & Associates
510 West Broadway, Suite 1700
San Diego, CA 92101

Deanna D. Dailey, Esq.
ddailey@larsonking.com
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101

**Attorneys for Plaintiffs**

Marjorie Shiekman, Esq.
Marjorie.Shiekman@Dechert.com
DECHERT LLP
Cira Center
2929 Arch Street
Philadelphia, Pennsylvania 19104-2857

# EXHIBIT 8

**Friedman, Kenneth E.**

---

**From:** Friedman, Kenneth E.

**Sent:** Tuesday, October 24, 2006 3:12 PM

**To:** 'Sean Foldenauer'

**Subject:** RE: Baycol MDL Deposition Notices

As I told you before, I am happy to discuss the stipulations at any time.

Ken Friedman
Sidley Austin LLP
213.896.6055

---

**From:** Sean Foldenauer [mailto:smf@ftflaw.com]
**Sent:** Friday, October 20, 2006 4:08 PM
**To:** Friedman, Kenneth E.
**Cc:** Jim Frantz; Patrick N. Keegan Esq.
**Subject:** RE: Baycol MDL Deposition Notices

Ken:

I have cleared Nov. 6 for the doctor depositions. I am out of the office until Monday afternoon. Can we discuss the stips at that time?

Thanks,
Sean

-----Original Message-----
**From:** Friedman, Kenneth E. [mailto:KFriedma@Sidley.com]
**Sent:** Friday, October 20, 2006 1:10 PM
**To:** tmacaluso@macalusolawsd.com; sking@macalusolawsd.com; ddailey@larsonking.com; Marjorie.Shiekman@Dechert.com; thomas.moore@dbr.com; Horwitz, Mario; smf@ftflaw.com; jesteslaw@aol.com; baycoldep@dechert.com
**Cc:** Friedman, Kenneth E.
**Subject:** Baycol MDL Deposition Notices

Attached please find amended deposition notices for the experts in the following cases:

Loren Kofsky, *Loren Kofsky, et al. v. Bayer Corp., et al.*, Case No. 02-0141

Joseph Elich, *Joseph Elich, et al. v. Bayer Corp., et al.*, Case No. 02-0434

Ken Friedman
Sidley Austin LLP
213.896.6055

<<Levine.pdf>> <<Maywood.pdf>>

**Friedman, Kenneth E.**

**From:** Sean Foldenauer [smf@ftflaw.com]
**Sent:** Friday, November 03, 2006 4:34 PM
**To:** Friedman, Kenneth E.
**Cc:** Jim Frantz; Patrick N. Keegan Esq.; Nicole Woodruff
**Subject:** RE: Baycol MDL Deposition Notices

Ken:

Let's talk about this on Monday. This is a simple scheduling matter. These are busy doctors that were not available on the dates you unilaterally noticed. Also, they had to locate and order dated medical records from storage to review. I believe we are in compliance with PTO 149, and that we should work together to make the depositions happen rather than trouble the judge.

Sincerely,
Sean M. Foldenauer, Esq.
FRANTZ, TOWNSEND & FOLDENAUER LLP
ONE AMERICA PLAZA
600 West Broadway, 12th Floor
San Diego, CA 92101
Tel.: (619) 233-5945
Fax: (619) 525-7672

CONFIDENTIAL
The information contained in this electronic mail transmission is confidential and intended to be sent only to the stated recipient of the transmission. It may therefore be protected from unauthorized use or dissemination by the attorney-client and/or attorney work-product privileges. If you are not the intended recipient or the intended recipient's agent, you are hereby notified that any review, use, dissemination, distribution or copying of this communication is strictly prohibited. You are also asked to notify us immediately by telephone and to delete this transmission with any attachments and destroy all copies in any form. Thank you in advance for your cooperation

-----Original Message-----
**From:** Friedman, Kenneth E. [mailto:KFriedma@Sidley.com]
**Sent:** Friday, November 03, 2006 3:32 PM
**To:** Sean Foldenauer
**Subject:** RE: Baycol MDL Deposition Notices

As you have made it clear that you do not intend to produce Drs. Levine and Maywood for deposition on Monday, November 6, we will not appear on Monday. This was the last day we had agreed to extend the deadline to produce the doctors. Accordingly, we intend to file motions to dismiss the Elich and Kofsky actions for failure to comply with PTO 149.

Ken Friedman
Sidley Austin LLP
213.896.6055

---

**From:** Sean Foldenauer [mailto:smf@ftflaw.com]
**Sent:** Friday, November 03, 2006 12:55 PM
**To:** Friedman, Kenneth E.
**Cc:** Nicole Woodruff
**Subject:** RE: Baycol MDL Deposition Notices

Ken:

We were unable to lock-in doctors Maywood and Levine for Deposition on Monday, Nov. 6. I am informed they are still in the process of obtaining their records from storage. I am working on obtaining dates certain within the next two weeks so we may complete these depositions. I will call today to confirm the above.

Sincerely,
Sean M. Foldenauer, Esq.
FRANTZ, TOWNSEND & FOLDENAUER LLP
ONE AMERICA PLAZA
600 West Broadway, 12th Floor
San Diego, CA 92101
Tel.: (619) 233-5945
Fax: (619) 525-7672

CONFIDENTIAL
The information contained in this electronic mail transmission is confidential and intended to be sent only to the stated recipient of the transmission. It may therefore be protected from unauthorized use or dissemination by the attorney-client and/or attorney work-product privileges. If you are not the intended recipient or the intended recipient's agent, you are hereby notified that any review, use, dissemination, distribution or copying of this communication is strictly prohibited. You are also asked to notify us immediately by telephone and to delete this transmission with any attachments and destroy all copies in any form. Thank you in advance for your cooperation

-----Original Message-----
**From:** Friedman, Kenneth E. [mailto:KFriedma@Sidley.com]
**Sent:** Tuesday, October 24, 2006 3:12 PM
**To:** Sean Foldenauer
**Subject:** RE: Baycol MDL Deposition Notices

As I told you before, I am happy to discuss the stipulations at any time.

Ken Friedman
Sidley Austin LLP
213.896.6055

---

**From:** Sean Foldenauer [mailto:smf@ftflaw.com]
**Sent:** Friday, October 20, 2006 4:08 PM
**To:** Friedman, Kenneth E.
**Cc:** Jim Frantz; Patrick N. Keegan Esq.
**Subject:** RE: Baycol MDL Deposition Notices

Ken:

I have cleared Nov. 6 for the doctor depositions. I am out of the office until Monday afternoon. Can we discuss the stips at that time?

Thanks,
Sean

-----Original Message-----
**From:** Friedman, Kenneth E. [mailto:KFriedma@Sidley.com]
**Sent:** Friday, October 20, 2006 1:10 PM
**To:** tmacaluso@macalusolawsd.com; sking@macalusolawsd.com;

ddailey@larsonking.com; Marjorie.Shiekman@Dechert.com; thomas.moore@dbr.com; Horwitz, Mario; smf@ftflaw.com; jesteslaw@aol.com; baycoldep@dechert.com
**Cc:** Friedman, Kenneth E.
**Subject:** Baycol MDL Deposition Notices

Attached please find amended deposition notices for the experts in the following cases:

Loren Kofsky, *Loren Kofsky, et al. v. Bayer Corp., et al.*, Case No. 02-0141

Joseph Elich, *Joseph Elich, et al. v. Bayer Corp., et al.*, Case No. 02-0434

Ken Friedman
Sidley Austin LLP
213.896.6055

<<Levine.pdf>> <<Maywood.pdf>>

Sidley Austin LLP mail server made the following annotation
----------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Tr
that, unless expressly stated otherwise, any U.S. federal t
communication, including attachments, was not intended or w
used, by any taxpayer for the purpose of avoiding any penal
taxpayer by the Internal Revenue Service. In addition, if
to by other parties in promoting, marketing or recommending
investment plan or arrangement, then (i) the advice should
with the promotion or marketing by others of the transactio
communication and (ii) the taxpayer should seek advice base
circumstances from an independent tax advisor.

**********************************************************
This e-mail is sent by a law firm and may contain informati
If you are not the intended recipient, please delete the e-
immediately.

**********************************************************

Sidley Austin LLP mail server made the following annotations on 10/24
--------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury reg
that, unless expressly stated otherwise, any U.S. federal tax advice
communication, including attachments, was not intended or written to
used, by any taxpayer for the purpose of avoiding any penalties that
taxpayer by the Internal Revenue Service. In addition, if any such t
to by other parties in promoting, marketing or recommending any partn
investment plan or arrangement, then (i) the advice should be constru
with the promotion or marketing by others of the transaction(s) or ma
communication and (ii) the taxpayer should seek advice based on the t
circumstances from an independent tax advisor.

*********************************************************************
This e-mail is sent by a law firm and may contain information that is
If you are not the intended recipient, please delete the e-mail and a
immediately.

**********************************************************************

Sidley Austin LLP mail server made the following annotations on 11/03/06, 17:32

---

IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, that, unless expressly stated otherwise, any U.S. federal tax advice contained communication, including attachments, was not intended or written to be used, a used, by any taxpayer for the purpose of avoiding any penalties that may be imp taxpayer by the Internal Revenue Service. In addition, if any such tax advice to by other parties in promoting, marketing or recommending any partnership or investment plan or arrangement, then (i) the advice should be construed as writ with the promotion or marketing by others of the transaction(s) or matter(s) ad communication and (ii) the taxpayer should seek advice based on the taxpayer's circumstances from an independent tax advisor.

**********************************************************************

This e-mail is sent by a law firm and may contain information that is privilege If you are not the intended recipient, please delete the e-mail and any attachm immediately.

**********************************************************************